STRONG v. CHANEY.

PLEDGE—CORPORATE STOCK—TITLE.
  Upon an issue of fact as to the ownership of certificates
  of certain shares of stock, evidence considered, and *held*,
  to justify the trial court in granting complainant the
  relief prayed, and in finding that defendant was in posses-
  sion as pledgee, the indebtedness secured having been
  paid.

Appeal from Wayne; Hally, J. Submitted June 4, 1914. (Docket No. 18.) Decided July 24, 1914.

Bill by William H. Strong against E. Hall Chaney for the surrender of certain shares of stock. From a decree for complainant, defendant appeals. Affirmed.

*Lyle G. Younglove*, for complainant.

*Angell, Boynton, McMillan, Bodman & Turner*, for defendant.

MOORE, J. The complainant is president of the Wilder-Strong Implement Company, a corporation doing business in Monroe. In December, 1909, he was, president of the Charlevoix Company, which had control of an apartment hotel, known as the Charlevoix in Detroit. The company was in need of funds, and for the purpose of raising money Mr. Strong secured a loan from his wife for $2,700, and as evidence of that indebtedness gave the note of the Charlevoix Company, indorsed by himself and the treasurer of the company. Mrs. Strong subsequently recovered judgment on this note. As security for the payment of the note Mr. Strong gave to her certain certificates of stock of the Charlevoix Company, also certificates Nos. 8, 9, and 10 of the Wilder-Strong Implement Company

for 150 shares of the common stock, and received a written acknowledgment thereof, and of the purposes for which such certificates were delivered, from his wife. In March, 1910, the three certificates of the Wilder-Strong Implement Company were canceled, and one certificate, No. 21, of the same company, for the same number of shares issued to Mrs. Strong was delivered to her, and remained in her possession until delivered to Mr. Helfman of the firm of Lucking, Emmons & Helfman about January 21, 1911, who delivered the certificate to complainant with other papers. On January 23d, Mr. Helfman gave Mrs. Strong a check for $2,710.65. The note of the Charlevoix Company had been surrendered and assigned by Mr. Helfman to Grinnell Bros., two or three days prior to that date. Mrs. Strong died in September, 1911, and her son, E. Hall Chaney, and daughter, Isabella C. Chaney, were appointed executors of her will, which was duly probated. E. Hall Chaney at the annual meeting in November, 1911, was elected treasurer, and held that position at the time this suit was started. In March, 1912, complainant asked E. Hall Chaney for the return of certificate No. 21 of the Wilder-Strong Implement Company common stock, and showed defendant, Chaney, the receipt which originally had been given by Mrs. Strong when she received the stock, and subsequently returned to Mr. Strong. Mr. Chaney took the receipt to show his sister, Isabella C. Chaney, who indorsed certificate No. 21 for delivery to complainant. Subsequently defendant, Chaney, refused to surrender the certificate, asserting his belief that it belonged to the estate of his mother. Mr. Strong demanded orally and in writing the certificate, and, his demands being refused, filed a bill of complaint, praying that defendant, Chaney, be compelled to surrender and deliver up the said certificate No. 21. This case was tried in open court. The judge made a decree in favor of the complainant. The case is brought here by appeal.

The single question involved is whether the complainant is the owner of certificate No. 21 for 150 shares of the common stock of the Wilder-Strong Implement Company. If he is such owner, the decree is right.

The appellant contends that as the certificate of stock stood in the name of Mrs. Strong at the time of her death, this affords *prima facie* evidence of her ownership, and that the burden of showing it belonged to the complainant, and has not been met by him. It is also claimed that Mrs. Strong claimed the stock as her own, and that this claim was recognized by the complainant, and that she never delivered the certificate to the complainant nor authorized any one to do so. We have carefully considered these claims in connection with the evidence disclosed by the record. It is agreed that the stock was originally owned by Mr. Strong, and it is clear it was transferred to Mrs. Strong to secure her for a loan she made, which was afterwards put into a judgment. The loan so far as she was concerned was satisfied, and she was paid her money. We think it is also shown that at the time, and as part of the transaction, she caused the certificate to be delivered to a member of the legal firm through whose agency she obtained her money for the loan she had made, and that the certificate was then delivered to Mr. Strong, who claimed that as the debt was paid the stock belonged to him.

We are entirely satisfied that the decree of the court below is justified by the evidence, and it is affirmed, with costs.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.